RENDERED: JANUARY 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0789-MR

MARK CRANMER                                             APPELLANT

                 APPEAL FROM FRANKLIN CIRCUIT COURT
v.                HONORABLE THOMAS D. WINGATE, JUDGE
                         ACTION NO. 20-CI-00891

JUSTICE AND PUBLIC SAFETY CABINET                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Mark Cranmer, *pro se*, appeals from an order of the Franklin Circuit Court dismissing his petition for a reconsideration of his parole eligibility. Appellant argues that the Kentucky Parole Board violated statutory law and the Kentucky Constitution when it denied his parole application. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant is currently an inmate at the Northpoint Training Center in Burgin, Kentucky. He is currently serving a ten-year sentence for various offenses. On September 1, 2020, Appellant went before the Kentucky Parole Board. The Board denied his application for parole and indicated he could seek parole again in twenty-four months. The Board indicated that it denied his parole for the following reasons: (1) seriousness of the crime; (2) prior felony convictions; (3) drugs or alcohol involvement; (4) assaultive behavior; (5) history of violating conditions of probation or parole; and (6) prior misdemeanor convictions.

Appellant then filed for reconsideration of his parole. He claimed that the Board made an error by indicating he had a history of "assaultive behavior." He argued that he was a nonviolent offender and had never been convicted of a violent offense. Appellant's reconsideration was denied. A Board member stated the following in denying the reconsideration: "Mr. Cranmer contends the board erred in citing 'History of Assaultive Behavior' on his Parole Denied Order, thus requests reconsideration due to 'procedural error.' Mr. Cranmer was convicted of Sexual Abuse in 2001 which qualifies as assaultive behavior. No reconsideration. Decision Stands."[1]

---

[1] We note that Appellant pleaded guilty to second-degree sexual abuse in 2003, not 2001.

Appellant then sought judicial review of this decision. Appellant argued that the Board violated Kentucky Revised Statutes (KRS) 439.331 and KRS 439.335. He also argued that by ignoring these two statutes, the Board violated the Kentucky Constitution. The trial court found no error, dismissed his petition, and this appeal followed.

## ANALYSIS

"The parole-release decision . . . depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9-10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668 (1979).

> *Belcher v. Kentucky Parole Board*, 917 S.W.2d 584 (Ky. App. 1996), determined that all that was required in the parole review process when parole is denied is that the prisoner have the opportunity to be heard and that he be advised in general terms of the reason for the decision of the Board. The judicial standard of review of decisions of the Parole Board is limited to an examination of compliance with the terms of KRS 439.250 to 439.560.

*Stewart v. Commonwealth*, 153 S.W.3d 789, 791 (Ky. 2005).

With the above standard of review in mind, we will now proceed to Appellant's argument on appeal. Like he did at the trial court, Appellant argues

that the Board did not follow KRS 439.331 and KRS 439.335; therefore, he should get a new parole hearing. KRS 439.331 states:

> The department shall:
>
> (1) Administer a validated risk and needs assessment to assess the criminal risk factors of all inmates who are eligible for parole, or a reassessment of a previously administered risk and needs assessment, before the case is considered by the board;
>
> (2) Provide the results of the most recent risk and needs assessment to the board before an inmate appears before the board; and
>
> (3) Incorporate information from an inmate's criminal risk and needs assessment into the development of his or her case plan.

KRS 439.335 states in relevant part that "[i]n considering the granting of parole and the terms of parole, the parole board shall use the results from an inmate's validated risk and needs assessment and any other scientific means for personality analysis that may hereafter be developed."

The trial court held that KRS 439.331 related to the Kentucky Department of Corrections and not the Board. We agree. The statute specifically relates to "the department." In any event, there is no allegation that the Board did not have a validated risk assessment on Appellant.

As for KRS 439.335, Appellant argues that the Board relied solely on a 2003 misdemeanor for denying his parole; therefore, the Board violated KRS

-4-

439.335 by not utilizing the risk assessment when determining parole eligibility. Appellant also argues that he has never been convicted of a violent offense as defined in KRS 439.3401; therefore, the claim that he has "assaultive behavior" was in error. We find no error here.

KRS 439.3401 lists a number of violent offenses that limit parole eligibility under certain circumstances. Appellant is correct that second-degree sexual abuse is not among that list; however, the Board's stating that Appellant has a history of assaultive behavior does not mean the Board was indicating he was a violent offender under KRS 439.3401. At the time of his conviction, second-degree sexual abuse was defined as:

> (1) A person is guilty of sexual abuse in the second degree when:
>
> (a) He subjects another person to sexual contact who is incapable of consent because he is mentally retarded;
>
> (b) He subjects another person who is less than fourteen (14) years old to sexual contact;
>
> (c) Being an employee, contractor, vendor, or volunteer of the Department of Corrections, or a detention facility as defined in KRS 520.010, or of an entity under contract with either the department or a detention facility for the custody, supervision, evaluation, or treatment of offenders, he subjects an offender who is incarcerated, supervised, evaluated, or treated by the Department of Corrections, the detention facility, or the contracting entity, to sexual contact. In any prosecution under this paragraph, the defendant may prove in exculpation that, at the time

he engaged in the conduct constituting the offense, he and the offender were married to each other; or

(d) Being twenty-one (21) years old or more, he subjects another person to sexual contact who is less than eighteen (18) years old and for whom he provides a foster family home as defined in KRS 600.020.

(2) Sexual abuse in the second degree is a Class A misdemeanor.

KRS 510.120. It is unclear from the record before us which subsection Appellant was convicted under; however, any subsection could be deemed as "assaultive behavior" by the parole board.

In addition, the Board did not violate KRS 439.335 by relying solely on the sexual abuse conviction when denying Appellant's parole. The Board listed six factors it considered when denying his parole. Clearly the Board considered the risk assessment. The only reason the reconsideration of parole order focused on the "assaultive behavior" factor was because that was the only factor Appellant sought to be reconsidered. It is clear that the Board examined the risk assessment in this case.

Furthermore, we note that KRS 439.330(1) states that the Board shall "(a) [s]tudy the case histories of persons eligible for parole, and deliberate on that record [and] (b) [c]onduct reviews and hearings on the desirability of granting parole[.]" The Board does not simply rely on the risk assessment in making its determination, but may consider other relevant evidence.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment in this case. The Board followed the applicable statutory requirements and we find no error. There was no violation of KRS 439.331, KRS 439.335, or the Kentucky Constitution.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Mark Cranmer, *pro se*
Burgin, Kentucky